IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAMBERT VET SUPPLY, LLC, a Kansas Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS MARTIN, an individual; CHRIS MARTIN d/b/a RAPID FALLS VET; FCE, INC., a Kentucky Corporation; and FEED BARN, INC., a California Corporation,<br><br>Defendants. | Civil Action No. 4:14-cv-3129<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Lambert Vet Supply, LLC, by its attorneys, Rembolt Ludtke LLP, and for its claims against Defendants, states and alleges as follows:

### THE PARTIES

1. Plaintiff Lambert Vet Supply, LLC is a Kansas limited liability company with its principal place of business in Jefferson County, Nebraska and an office in Lincoln, Nebraska.

2. Defendant Chris Martin is an individual resident of California.

3. Defendant Rapid Falls Vet is an unincorporated "d/b/a" entity for Chris Martin, of which Chris Martin is the sole member.

4. Defendant FCE, INC., is a Kentucky corporation with its principal place of business in the State of California.

5. Defendant Feed Barn, Inc., is a California corporation with its principal place of business in the State of California.

### JURISDICTION AND VENUE

6. This is a civil action seeking damages for breach of contract and breach of warranty arising under Nebraska law. This Court has jurisdiction over this matter

pursuant to 28 U.S.C. § 1332, as there is complete diversity of the parties and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over the Defendants by virtue of their transacting, doing, and soliciting business in this District.

8. Venue is properly based in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in this District.

## **FACTS COMMON TO ALL CLAIMS**

9. Plaintiff is a wholesale distributor of veterinary products throughout the United States.

10. In or about July 2013, Plaintiff ordered veterinary products (the "Products") from Defendants Chris Martin and Rapid Falls Vet. Upon information and belief, some or all of these Products were sold and provided by Defendants FCE, Inc. and Feed Barn, Inc. Plaintiff paid Defendants approximately $843,000 for these Products.

11. On or about November 19, 2013, the Department of Homeland Security, Customs and Border Protection (the "Department") seized from Plaintiff a significant portion of the Products on the basis that Defendants were trafficking in counterfeit goods. The price Plaintiff paid Defendants for the seized products totaled $422,752.90.

12. During the course of the Department's investigation, Plaintiff turned over additional Products to the Department. Plaintiff paid Defendants $5,093.90 for these additional Products.

13. While the Department's investigation was ongoing, the Department ordered Plaintiff to not alert Defendants of the seizure of the counterfeit goods.

14. On June 3, 2014, Plaintiff gave written notice to Defendants that it considered Defendants' sale of defective goods to Plaintiff as a breach of the contract and warranties.

15. Had Defendants not sold Plaintiff counterfeit Products, Plaintiff would have been able to resell those products for profit. Plaintiff is unable to cover given the unique nature of this industry and the unavailability of substitute goods.

16. Plaintiff has been damaged in an amount equal to $427,846.80 plus an additional $77,012.43 in lost profits.

## FIRST CLAIM FOR RELIEF - BREACH OF CONTRACT

17. Plaintiff incorporates Paragraphs 1 through 16 above as if fully set forth herein.

18. Plaintiff and Defendants entered into a contract for the sale of the Products.

19. Defendants breached their contract with Plaintiff when they failed to provide acceptable goods to Plaintiff.

20. Plaintiff has been damaged as set forth in Paragraph 16 above.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## SECOND CLAIM FOR RELIEF
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

21. Plaintiff incorporates Paragraphs 1 through 16 above as if fully set forth herein.

22. Defendants are merchants with respect to the sale of the Products

23. At the time the Products were sold and delivered by the Defendants to Plaintiff, they were not merchantable.

24. Within a reasonable time after Plaintiff discovered the breach, it gave Defendants notice of the breach.

25. As a proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff has incurred damage as set forth in Paragraph 16 above.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## REQUEST FOR PLACE OF TRIAL

Plaintiff respectfully requests that the trial of this matter take place in Lincoln, Nebraska.

## JURY DEMAND

Plaintiff respectfully requests that this civil action be tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Damages in an amount equal to $427,846.80 plus an additional $77,012.43 in lost profits;

B. For judgment against Defendants;

C. Interest as provided by law;

D. Costs and attorney fees;

E. Such other, further, and different relief as the Court deems just and appropriate.

DATED June 4, 2014.

                                        LAMBERT VET SUPPLY, a Kansas
                                        Limited Liability Company, Plaintiff

By:   /s Daniel E. Klaus
       Daniel E. Klaus (#17889)
       Sheila A. Bentzen (#25020)
       REMBOLT LUDTKE LLP
       1201 Lincoln Mall, Suite 102
       Lincoln, NE 68508
       (402) 475-5100
       dklaus@remboltlawfirm.com
       sbentzen@remboltlawfirm.com