IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAMBERT VET SUPPLY, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>CHRIS MARTIN, et al.,<br><br>    Defendants. | 4:14-CV-3129<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Defendants' Motion to Dismiss (filing 21) and Defendants' Motion for Costs and Attorneys' Fees and to Stay the Proceedings Under Federal Rule of Civil Procedure 41(d) (filing 19). Both motions will be denied.

PROCEDURAL HISTORY

This case is not the first between these parties. The plaintiff first sued the defendants in state court on January 6, 2014, pleading several claims for relief arising out of the alleged sale, by the defendants, of counterfeit veterinary products that had been seized from the plaintiff by U.S. Customs and Border Protection. Case No. 8:14-cv-45 filing 1-1. The defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and the plaintiff filed an amended complaint pleading a single claim for relief: breach of contract. Case No. 8:14-cv-45 filings 21 and 23. The defendants filed another motion to dismiss pursuant to Rule 12(b)(6), for the first time arguing that the plaintiff's contract claim should be dismissed for failing to allege the pre-suit notice that is, according to the defendants, required by the Nebraska U.C.C. *See* Case No. 8:14-cv-45 filing 25.[1]

In response, the plaintiff filed a notice of case dismissal without prejudice, and Case No. 8:14-cv-45 was dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1). Case No. 8:14-cv-45 filings 27 and 28. Two days later, this case was filed. Filing 1. In its new complaint, the plaintiff pleads claims for relief for breach of contract and breach of warranty. Filing 1. And

---

[1] Interestingly, while the defendants asked for dismissal of the contract claim in their brief (Case No. 8:14-cv-45 filing 25), they failed to do so in their motion (Case No. 8:14-cv-45 filing 24). Even more telling is the fact that the defendants failed to complain about notice—or the contract claim at all—in their first motion to dismiss. *See* Case No. 8:14-cv-45 filings 21 and 22.

this time, the plaintiff alleges that the day *before* filing the complaint, "Plaintiff gave written notice to Defendants that it considered Defendants' sale of defective goods to Plaintiff as a breach of the contract and warranties." Filing 1 at 3.

The defendants moved for costs and fees and to stay the proceedings pursuant to Fed. R. Civ. P. 41(d), which provides that

> [i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

*See* filing 19. The defendants also moved to dismiss for failure to state a claim upon which relief may be granted, arguing that the plaintiff still hasn't pled compliance with the notice provisions of the Nebraska U.C.C. Filing 22.

## DISCUSSION

The Court begins with the defendants' motion to dismiss. A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal,* 556 U.S. at 678.

But the important rule here isn't Rule 12—it is, instead, Rule 41(a)(1), because the defendants' argument *isn't* that the plaintiff didn't provide notice before filing the present suit.[2] Instead, the defendants argue that the plaintiff's complaint in this case is deficient because it does not allege that notice was provided before the plaintiff filed the *previous* action that was voluntarily dismissed. *See* filing 22.

The defendants cite no authority for the proposition that the plaintiff could not provide pre-suit notice in this case because it failed to do so in a

---

[2] The parties dispute, in some detail, under what provisions notice is or isn't required, and whether a lawsuit itself—either one, in this instance—can serve as effective notice. But the Court need not consider those matters to resolve the present motion.

previous case, and with good reason: such a proposition would be inconsistent with the well-understood effect of a Rule 41(a)(1) dismissal. The effect of a voluntary dismissal without prejudice pursuant to Rule 41(a) is to render the proceedings a nullity and leave the parties as if the action had never been brought. *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996); *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 751 (8th Cir. 1996); *In re Piper Aircraft Distribution Sys. Antitrust Litig.*, 551 F.2d 213, 219 (8th Cir. 1977). It carries down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and defendant, and all issues, with respect to plaintiff's claim. *Piper Aircraft*, 551 F.2d at 219.

The Eighth Circuit's reasoning is clear, and clearly applies here: Case No. 8:14-cv-45 never happened. (Except for Rule 41(d) purposes, which will be discussed in a moment.) Whether the plaintiff provided pre-suit notice for purposes of this case rises and falls with whether notice was timely provided before the initiation of *this case*. And the plaintiff has at least alleged it has.[3] So, the Court will deny the defendants' motion to dismiss.

The other question before the Court is whether to assess costs and fees pursuant to Rule 41(d), based on the plaintiff's voluntary dismissal of a case containing the same claim. An award of costs under Rule 41(d) is intended to deter forum shopping and vexatious litigation. *See, Simeone v. First Bank Nat'l Ass'n,* 971 F.2d 103, 108 (8th Cir. 1992); *Siepel v. Bank of Am., N.A.*, 239 F.R.D. 558, 563 (E.D. Mo. 2006); *see also Kent v. Bank of Am, N.A.*, 518 F. App'x 514, 516-17 (8th Cir. 2013). No showing of bad faith is required. *Kent,* 518 F. App'x at 517; *Siepel,* 239 F.R.D. at 563. Rather, the moving party need only establish that: (1) a plaintiff's previous action was dismissed; (2) a second action was commenced that is based upon or includes the same claim against the same defendant; and (3) there are costs and attorney fees incurred by the defendant in the prior action that will not be useful in the newly-filed litigation. Fed. R. Civ. P. 41(d); *Siepel,* 239 F.R.D. at 563.

Rule 41(d) provides that the Court *may* award costs, but it is not required. The Court recognizes that it has the discretion to award costs here. *See Kent,* 518 F. App'x at 516. But there is nothing to suggest forum shopping

---

[3] The defendants imply, in a footnote, that the plaintiff's allegation is still insufficient because it does not use the words "revoke" or "revocation," and they contend that the plaintiff is required to revoke its acceptance of the goods before bringing suit. Filing 22 at 11 n.3. The Court will answer their footnote with this one: the Court finds that the plaintiff's allegation of pre-suit notice to the defendants is sufficient to state a claim for relief. The defendants also suggest in passing that the plaintiff's complaint leaves "a multitude of unanswered questions" for the defendants. Filing 22 at 14. The Court finds that the plaintiff's complaint is a short and plain statement of its claims for relief, sufficient to meet the requirements of Rule 8.

or vexatious litigation here. Rather, there is an obvious strategy at work: the plaintiff sought to avoid litigation over pre-suit notice by providing it.[4] A bit creative, to be sure—but hardly the sort of improper purpose that the Court would find to warrant sanctions. Compare *Kent,* 518 F. App'x at 516-17. The Court will deny the defendants' Rule 41(d) motion.

IT IS ORDERED:

1. Defendants' Motion to Dismiss (filing 21) is denied.

2. Defendants' Motion for Costs and Attorneys' Fees and to Stay the Proceedings Under Federal Rule of Civil Procedure 41(d) (filing 19) is denied.

Dated this 31st day of March, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[4] Unsuccessfully, as it turned out, but it wasn't an irrational strategy.